UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| METRON NUTRACEUTICALS, LLC, | ) | Case No. 1:20-cv-01803 |
| --- | --- | --- |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| v. | ) | Magistrate Judge David A. Ruiz |
| CHRISTINA RAHM COOK, *et al.*, | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

Plaintiff Metron Nutraceuticals, LLC moved for civil contempt and sanctions against Clayton Thomas (ECF No. 99) and to disqualify attorney Kline Preston (ECF No. 101). The Court will rule on both, starting with Plaintiff's motion for contempt and sanctions.

## I.     Contempt and Sanctions (ECF No. 99)

On May 11, 2021, after his counsel withdrew, the Court ordered Mr. Thomas, among other Defendants, to secure new counsel by May 25, 2021. The Court explained that if new counsel failed to appear by that date, it would treat Mr. Thomas as proceeding pro se. If proceeding pro se, the Court further ordered Mr. Thomas to provide discovery responses to Plaintiff no later than May 25, 2021. (Order, May 11, 2021.) By then, responses to the discovery requests Plaintiff served had been many months overdue. The order regarding production of discovery was issued in connection with a second order that included directives meant to facilitate discovery. (Minute Order, May 11, 2021.)

The parties agree and the record shows that new counsel did not appear for Mr. Thomas by May 25, 2021 and that he did not serve discovery responses until June 23, 2021 (ECF No. 108, PageID #3181; ECF No. 103, PageID #3039). On May 28, 2021, Plaintiff moved for civil contempt and sanctions against Mr. Thomas for violating the Court's order and failing to produce discovery. (ECF No. 99.) Mr. Thomas attributes the delayed production to his "struggle[] to answer all of the discovery timely." (*Id.*, PageID #1308.) The Court addresses Plaintiff's request for civil contempt first, with which Plaintiff leads in its motion.

**I.A. Civil Contempt**

"A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he [violated] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). In the Sixth Circuit, to determine whether a party should be held in civil contempt, the court must consider whether the party "took all reasonable steps within [his] power to comply with the court's order," not whether the party acted in good faith. *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (citations omitted). Therefore, good faith is not a defense, but impossibility is. *Id.* The party to be held in contempt has the burden of proving impossibility. *Id.* Further, willfulness or intent to disobey are not required to hold a party in civil contempt. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). "A decision on a contempt petition is within the sound discretion of the trial court," and "the power 'to punish

for contempts' should not be used lightly . . . ." *Electric Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 387 (6th Cir. 2003) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)). This discretion includes the power to frame sanctions so that they fit the violation in question. *Adcor Indus. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 794 (N.D. Ohio 2005) (citing *Electric Workers Pension Tr. Fund*, 340 F.3d at 385).

\* \* \*

On the facts and circumstances presented, the Court determines that an order of civil contempt is not appropriate. Although Mr. Thomas did not serve his discovery responses by the Court's deadline, and therefore did not strictly comply with the Court's order, the intent of the Court's order was to move the case along and make progress in discovery toward a resolution on the merits—not create a path to contempt, a default, or some other sanction. Essentially, the Court's Order was a discovery order and a case management order. Although a citation for contempt may, in some circumstances, be appropriate for violation of such orders, in the Court's judgment, this is not such a circumstance given the nature of the order and the stage of the proceedings. Accordingly, the Court **DENIES** Plaintiff's motion for civil contempt.

**I.B. Sanctions**

Plaintiff also seeks discovery sanctions under Rule 37(b)(2)(A), which authorizes the imposition of sanctions for failure to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). "The purpose of imposing sanctions is to assure

3

both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989) (quotation omitted).

Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Instead of or in addition to the discretionary sanctions of Rule 37(b)(2)(A), under Rule 37(b)(2)(C), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

\* \* \*

Based on the record before the Court, and the parties' respective briefing and arguments, the Court finds Clayton Thomas failed to comply with the Court's discovery order of May 11, 2021 and has not provided substantial justification for his failure. Because Mr. Thomas did, belatedly, provide discovery responses, the Court declines to issue the specific discretionary sanctions set forth in Rule 37(b)(2)(A), which include default, striking defenses, and the like. Plaintiff did not offer another sanction that the Court considers an appropriate response to Mr. Thomas's failure. Under the circumstances, however, the Court finds that Rule 37(b)(2)(C) requires an award of expenses, including attorneys' fees, directly tied to Mr. Thomas's late discovery responses and failure to comply with the Court's Order of May 11, 2021.

4

Accordingly, the Court **GRANTS** Plaintiff's motion for sanctions under Rule 37. With respect to expenses, including attorneys' fees, the Court **ORDERS** Plaintiff to file affidavits or declarations from counsel who worked to secure compliance with the Court's Order that include: (1) their hourly rates, the number of hours each worked, and the dollar value of that time; (2) an itemization of expenses; and (3) detailed time records substantiating those expenses and fees. Plaintiff may file the third of these items with redactions to protect work product and privileged matters, but must contemporaneously submit an unredacted version to chambers for review. Upon review, if the Court determines that any matter redacted in a public filing does not merit protection under the work-product doctrine or a claim of privilege, the Court will order the filing of a new version without the redaction at issue to comply with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and its progeny. The Court **ORDERS** Plaintiff to file these materials no later than August 9, 2021. Mr. Thomas may respond to that submission no later than August 23, 2021. The Court will then issue a subsequent order directing Mr. Thomas to pay those expenses, including attorneys' fees, by a date certain.

### III. Disqualification ([ECF No. 101](#))

Also before the Court is Plaintiff's motion to disqualify attorney Kline Preston. ([ECF No. 101](#).) Rule 3.7 of the Ohio Rules of Professional Conduct prohibits a lawyer from acting as an advocate at a proceeding at which the lawyer or another lawyer from his or her firm is likely to be a necessary witness. Subsection (a) of the Rule requires disqualification where the lawyer is likely to be a "necessary witness." Ohio Prof. Cond. Rule 3.7(a). "A necessary witness is not simply one who provides relevant

5

or even highly useful testimony. Rather, a necessary witness is one who provides testimony that is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere." *Whitacre v. Nations Lending Corp.*, No. 5:19-CV-809, 2019 WL 3458470, at *2 (N.D. Ohio July 30, 2019) (citations omitted). "The burden of proof is on the party seeking to demonstrate that disqualification is necessary." *Glazer v. Reimer*, No. 1:09CV1262, 2015 U.S. Dist. LEXIS 194464, at *10 (N.D. Ohio Nov. 2, 2015).

Plaintiff has not carried its burden of demonstrating that Mr. Preston is likely to be a necessary witness at the trial of this matter. That is, Plaintiff has not shown that testimony from Mr. Preston would be material to its case and unobtainable elsewhere. His personal knowledge relevant to some issues or aspects of this litigation does not make him a necessary witness. ([ECF No. 101](), PageID #2984.) As a result, the Court finds that disqualifying Mr. Preston would be inappropriate at this stage in the proceedings and, therefore, **DENIES** Plaintiff's motion for disqualification. However, the Court that disqualification may be appropriate or necessary at a later date depending on how the case and evidence evolve in discovery. *See United States v. Poulsen*, No. CR2-06-129, 2006 WL 2619852, at *13 (S.D. Ohio Sept. 12, 2006) (denying motion for disqualification of counsel but noting the possibility of reconsideration). Should disqualification be appropriate later, the Court notifies counsel and parties that disqualification will not be considered good cause to delay any scheduled deadlines or proceedings, including a trial date.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion for civil contempt and sanctions (ECF No. 99). Specifically, the Court **DENIES** the motion to the extent it seeks a finding of contempt, but **GRANTS** Plaintiff's motion for discovery sanctions under Rule 37(b)(2)(A). The Court finds that Defendant Clayton Thomas failed to comply with the Order dated May 11, 2021 and, pursuant to Rule 37(b)(2)(C), **ORDERS** Defendant Clayton Thomas to pay Plaintiff's reasonable expenses, including attorneys' fees in an amount to be determined according to the procedure outlined above in a separate, forthcoming Order. Further, the Court **DENIES** Plaintiff's motion for disqualification.

**SO ORDERED.**

Dated: July 14, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio