## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| METRON NUTRACEUTICALS, LLC, | ) ) | Case No. 1:20-cv-01803 |
| | ) | |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| | ) | Magistrate Judge David A. Ruiz |
| v. | ) ) | |
| CHRISTINA RAHM COOK, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| | ) | |

### <u>ORDER</u>

The Court previously set forth the rules concerning ghostwriting—drafting legal documents for pro se litigants without disclosing such assistance to the Court—and explained that ghostwriting violates ethical and legal rules, including Rule 11 of the Federal Rules of Civil Procedure.  (ECF No. 116, PageID #3236–28.)  It also notified the parties that a violation of Rule 11 permits the Court to issue sanctions, including nonmonetary directives and monetary penalties (*id.*, PageID #3238 (citing Fed. R. Civ. P. 11(c)(4)) and determined that Defendant Clayton Thomas violated Rule 11 by submitting ghostwritten documents while purporting to proceed pro se (*id.*, PageID #3238–29).

On August 27, 2021, the Court held a hearing to determine whether Kline Preston, Jessica Penrod Kirby (an attorney licensed in Tennessee), or Lauren Osborne (a paralegal who works for Mr. Preston) also violated Rule 11 and, if so, the appropriate sanction(s).  Also, the Court invited argument on appropriate sanctions

for Defendant Clayton Thomas's violation.  In this Order, the Court addresses each of these pending matters.

## DISCUSSION

Based on the record, the Court determines Kline Preston and Jessica Penrod Kirby violated Rule 11.  Balancing their violations against certain mitigating circumstances, the Court imposes sanctions on each of them.  The Court finds that Ms. Osborne did not violate Rule 11 and does not impose any sanction as to her. Finally, the Court imposes sanctions on Mr. Thomas for his violation of Rule 11.  To be clear, the Court prohibits all ghostwriting in this matter going forward and will strictly enforce the remedial sanctions set forth in this Order.

## I.    Lauren Osborne

Ms. Osborne is a paralegal at Kline Preston's law firm.  (ECF No. 121-1, ¶ 1, PageID #3264.)   The Court makes the following findings of fact regarding the assistance Ms. Osborne provided to Mr. Thomas.  With Mr. Preston's approval and at his direction, Ms. Osborne helped Mr. Thomas "with some discovery matters and in responding to a Motion for Contempt."  (*Id.*, ¶ 3.)  She formatted the response that Ms. Kirby drafted at Mr. Preston's request and sent it to Mr. Thomas.  (*Id.*)  These facts represent the extent of Ms. Osborne's involvement in the ghostwriting issue before the Court.

Based on her limited participation, which amounts to nothing more than ministerial assistance, the Court finds that Ms. Osborne did not violate Rule 11. Additionally, paralegals may generally not provide legal assistance on their own, and

2

Ms. Osborne did not here.  Rather, attorneys direct and supervise paralegals, and the record shows that Mr. Preston did so in this instance with Ms. Osborne.  Going forward, the Court directs Ms. Osborne not to provide assistance to Mr. Thomas in this matter directly or indirectly.

## II.     Jessica Penrod Kirby

Ms. Kirby is a lawyer and shares office space with Mr. Preston, but operates her own legal practice.  (ECF No. 121, ¶ 14, PageID #3259.)  The Court makes the following findings of fact regarding the assistance Ms. Kirby provided to Mr. Thomas.  At Mr. Preston's request, she drafted a response to Plaintiff's motion for contempt and sanctions against Mr. Thomas and provided it to Ms. Osborne.  (*Id.*, ¶ 15.)  At the hearing, Ms. Kirby stated that she prepared a "model" response for Mr. Thomas and that she knew he was purporting to represent himself because she checked the public docket before drafting the response.  In short, Ms. Kirby knew Mr. Thomas purported to be pro se, but decided to engage in the practice of law before the Court while evading responsibility for her work under Rule 11 and the ethical rules governing practice.

Accordingly, the Court determines that Ms. Kirby violated Rule 11.  As a sanction, the Court **REFERS** Ms. Kirby to the Board of Professional Responsibility of the Supreme Court of Tennessee.

## III.    Kline Preston

Mr. Preston submitted a declaration explaining how the ghostwritten document (ECF No. 103) came to be (*see* ECF No. 121) and additional detail at the

3

hearing on August 27, 2021.  The Court makes the following findings of fact regarding Mr. Preston's assistance to Mr. Thomas.

### III.A. Findings of Fact

Mr. Preston is admitted to practice *pro hac vice*.  ([ECF No. 97](#); Order, May 27, 2021.)  In matters other than this litigation, Mr. Preston represents Mr. Thomas.  Further, the parties Mr. Preston represents in this litigation are closely related to Mr. Thomas, including Root Wellness, LLC and related entities that Mr. Thomas organized or in which he has a significant interest.  Mr. Preston has made the professional judgment that he cannot represent Mr. Thomas and those entities in this litigation.

With respect to the ghostwriting at issue, Mr. Thomas approached Mr. Preston and asked if he could use Mr. Preston's paralegal for help with matters left unresolved after Mr. Thomas' former counsel withdrew.  (*Id.*, ¶ 6, PageID #3258; *see also* [ECF No. 92](#).)  Mr. Preston understood that Mr. Thomas required assistance in responding to Plaintiff's outstanding discovery requests.  ([ECF No. 121](#), ¶ 7, PageID #3258.)  Mr. Preston directed his paralegal, Ms. Osborne, to communicate directly with Mr. Thomas to assist him in responding to discovery.  (*Id.*, ¶¶ 7, 10–11, PageID #3258 & 3259.)  Later, Mr. Preston realized Mr. Thomas also needed assistance responding to Plaintiff's motion for contempt and sanctions.  (*Id.*, ¶ 13, PageID #3259.)  So he asked another attorney, Ms. Kirby, to draft a response as a favor.  (*Id.*, ¶ 14.)  Ms. Kirby drafted a response and sent it to Ms. Osborne, who formatted it and sent

4

it to Mr. Thomas, who signed his name to the document (ECF No. 103, PageID #3042) and filed it with the Court (ECF No. 121, ¶¶ 15–18, PageID #3259).

At the hearing on July 14, 2021 regarding Plaintiff's motion for sanctions and civil contempt, the Court asked Mr. Thomas if he received assistance in drafting his response to the motion.  Mr. Thomas stated that he had help, perhaps from a lawyer, but did not remember the name of anyone who may have assisted him.  At that hearing, Mr. Preston did not speak up or inform the Court of his efforts to enlist Ms. Osborne and Ms. Kirby until the Court ordered him to do so.

At the August 27, 2021 hearing, Mr. Preston accepted responsibility for arranging legal assistance for Mr. Thomas.  He explained that he did not disclose his role in the ghostwriting at the July 14 hearing because he thought he heard Mr. Thomas say that a paralegal helped him.  Also, both at the hearing and in his written response to the Court's Order to Show Cause, Mr. Preston pointed to an opinion from the Board of Professional Responsibility of the Supreme Court of Tennessee that permits lawyers to provide limited assistance to pro se litigants under certain exigent circumstances.  *See* Tennessee Formal Ethics Op. 2007-F-153 (Mar. 23, 2007).  That opinion permits a lawyer to provide limited assistance to a pro se litigant without disclosing the fact of assistance.  *Id.*  Specifically, the Opinion allows an attorney to "prepare a leading pleading," such as a complaint, demand for arbitration, or other document required to toll a statute of limitations.  *Id.*  But the attorney may not continue to provide assistance to the pro se individual, and the Opinion emphasizes that the party must be "a truly pro se litigant."  *Id.*  Finally, the

5

Opinion reiterates that "an attorney in Tennessee may not engage in extensive undisclosed participation in litigation" on behalf of a pro se party.

In Mr. Preston's view, Plaintiff's motion for contempt presented an exigent circumstance with the potential for the imposition of a prescriptive bar with adverse consequences for his clients that fell within the coverage of this Opinion. On that issue, the Court expresses no view because the Opinion is the province of the appropriate authorities in Tennessee and because the Court's and Ohio's ethical rules govern proceedings here. *See* Local Rule 83.5(b) & 83.7.

The Court finds that Mr. Preston violated Rule 11 when he permitted Mr. Thomas to sign ECF No. 103 as his own work product, knowing it was not and without disclosing to the Court until ordered that he enlisted Ms. Kirby and Ms. Osborne to assist Mr. Thomas in drafting the document. Mr. Preston took the initiative, set in motion, and directed and controlled a series of events that resulted in Mr. Thomas's filing of a ghostwritten document. The Court expended considerable time and resources investigating these events.

### III.B. Sanctions

Plaintiff submitted a brief position statement arguing that Mr. Preston violated Rule 11 and that the Court should revoke his admission *pro hac vice* as a sanction. (ECF No. 125.) Even without Plaintiff's suggestion, the Court had considered this option, which would be an appropriate sanction.

Under Local Rule 83.5(h), which governs admissions to practice *pro hac vice*, the decision whether to grant a lawyer not admitted to practice before the Northern

6

District the privilege of admission *pro hac vice* rests within the Court's sound discretion. *D.H. Overmyer Co. v. Robson*, 750 F.2d 31, 33 (6th Cir. 1984). The Local Rules codifies the Court's inherent authority to regulate the practice of law before it. *See Ex Parte Burr*, 22 U.S. (9 Wheat.) 529, 530 (1824). In the determination of an attorney's admission *pro hac vice*, the respectability of the bar and the attorney's professional and ethical competence as an officer of the Court present important considerations that guide the Court's discretion. *See In re Mosher*, 25 F.3d 397, 400 (6th Cir. 1994) (quotation and citation omitted). Accordingly, the Court has the discretion to revoke Mr. Preston's admission *pro hac vice*. Based on the Court's findings, revocation of Mr. Preston's privilege of practice in this matter would be justified and appropriate.

At the moment, this case presents mitigating considerations. Specifically, Mr. Preston and Mr. Thomas have a broader professional relationship. Mr. Preston represents entities in which Mr. Thomas has an interest and serves as his personal counsel in other matters. Therefore, revoking Mr. Preston's *pro hac vice* status may create a situation that all but guarantees Mr. Thomas continues to represent himself but receive assistance from Mr. Preston or others *sub silentio*. For this reason, the Court refrains for now from exercising its discretion to revoke Mr. Preston's admission to practice in this case contingent on Mr. Thomas's compliance with the further Order the Court directs to Mr. Thomas. Should Mr. Thomas fail to comply with that further Order, the Court will revisit the issue of allowing Mr. Preston to continue to practice *pro hac vice*.

7

In addition, as sanctions, the Court **ORDERS** Mr. Preston to complete 2.5 hours of ethics-based legal training that qualifies for continuing legal education credit in Ohio within 30 days from the date of this Order and to certify his compliance by providing certificates of completion and other appropriate documentation to the Court.   Also, the Court **REFERS** Mr. Preston to the Court's Committee on Complaints and Policy Compliance for such further investigation and action as the Committee deems appropriate.  *See* Local Rule 83.7(d)(1).  The Court may take further action based on the Committee's written recommendation.  *See* Local Rule 83.7(d)(2) & (5).  Finally, the Court **REFERS** Mr. Preston to the Board of Professional Responsibility of the Supreme Court of Tennessee.

## IV.   Clayton Thomas

At the hearing on August 27, 2021, Mr. Thomas stated that he only communicated with Ms. Osborne during the events at issue and did not know Ms. Kirby had a hand in drafting his response.  Nonetheless, the record shows that Mr. Thomas solicited legal assistance from Mr. Preston with the intent to pass that work product off as his own while representing himself.  For this reason, in addition to those set forth in the Court's prior Order (ECF No. 116, PageID #3238–39), the Court reaffirms its finding that Mr. Thomas has violated Rule 11.  Also at the hearing on August 27, 2021, Mr. Thomas represented that he continues to make efforts to hire counsel for this matter.

For his violation, the Court **ORDERS** the following sanction as to Mr. Thomas: so long as Mr. Thomas proceeds *pro se*, the Court **ORDERS** him to certify, under

8

penalty of perjury, that he is the sole author of every document he signs in connection with this case—whether filed in Court or not—and that it contains only his own work. The Court reiterates the notice it previously provided that it will impose sanctions for any future violation resulting from the continued use of assistance in submissions to the Court while holding himself out as *pro se*.  The nature of any sanction will be determined according to the law and will depend on the facts and circumstances of the violation, including its nature, severity, and effect.  Generally, sanctions may include nonmonetary directives, monetary penalties, or incarceration.  (*See* ECF No. 116, PageID #3239.)

Further, the Court makes as a second Order as to Mr. Thomas separate and apart from this sanction.  The Court **ORDERS** Mr. Thomas to obtain counsel within 21 days of the date of this Order.  Such a sanction will minimize the opportunity for further misconduct by Mr. Thomas while promoting efficiency in the resolution of this case that has such potential for further ancillary disputes and litigation that the Court has considered appointing a special master.  If counsel fails to appear for Mr. Thomas by September 30, 2021, Mr. Thomas shall on that same date submit to the Court the names and contact information of three attorneys he contacted in his effort to comply with this Order.

**SO ORDERED.**

9

Dated:  September 9, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio