IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| METRON NUTRACEUTICALS, LLC, | ) | CASE NO. 1:20-cv-01803 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE PHILIP CALABRESE |
| CHRISTINA RAHM COOK, et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS MARK ADAMS, TOP PARTNERS MANAGEMENT, LLC, AND ENTOX SOLUTIONS, LLC OMNIBUS MOTIONS IN LIMINE**

Defendants Mark Adams, Top Partners Management, LLC, and EnTox Solutions, LLC ("Adams Defendants"), through counsel, respectfully request an Order in limine precluding:

  i. <u>Motion in Limine No. 1</u>: Any references, argument, testimony, or evidence regarding Defendant Mark Adams's other businesses or entities that are not parties to this action, with the exception of Sozo Global, Inc.

 ii. <u>Motion in Limine No. 2</u>: Any undisclosed argument, testimony, and/or evidence from Plaintiff and/or Plaintiff's experts – including testimony from Dr. Tsirikos-Karapanos and any other previously undisclosed testimony – purporting to establish damages allegedly caused by the Adams Defendants, including but not limited to lost profits, unjust enrichment, and/or any other theory of recovery.

iii. <u>Motion in Limine No. 3</u>: Plaintiff's, counsels', and witnesses' use of the general term "Defendants" to refer to several or all Defendants as if they jointly and equally participated in any act or behavior, and therefore are jointly or equally liable for that act or behavior.

 iv. <u>Motion in Limine No. 4</u>: Any references, argument, testimony, or evidence relating to unpled claims for patent infringement and conspiracy, as well as previously dismissed claims for tortious interference and fraudulent misrepresentation.

As detailed in the accompanying Memorandum in Support, Plaintiff Metron Nutraceuticals, LLC ("Plaintiff" or "Metron") should be precluded from presenting argument and/or evidence that is irrelevant, unfairly prejudicial to the Adams Defendants, and that will

mislead or confuse the jury. First, Plaintiff should be precluded from introducing evidence of lost profits or other alleged damages against the Adams Defendants because Plaintiff has not produced any computation, business records, or testimony in support of any damages Metron allegedly suffered as a result of the Adams Defendants' purported misappropriation and breach of contract. Additionally, any references, argument, testimony, or evidence relating to the items in Motions in Limine Nos. Two through Four are irrelevant to the claims at issue, would confuse the issues, mislead the jury, and unfairly prejudice the Adams Defendants. In addition, any overgeneralization or grouping together of the "Defendants" in this matter – referring to several or all Defendants as "Defendants" – would undoubtedly confuse the issues, mislead the jury, cause undue delay, and unfairly prejudice the Adams Defendants. Accordingly, the Adams Defendants respectfully request an order granting each of its Motions in Limine.

Counsel for the Adams Defendants certify that they conferred with counsel for Plaintiff Metron Nutraceuticals, LLC ("Plaintiff" or "Metron") regarding this pretrial motion and the evidence the Adams Defendants intend to seek to exclude at trial. After back and forth correspondence, counsel for Plaintiff indicated that they would not agree to any of these motions in limine. However, in conferring with counsel for Plaintiff, the Adams Defendants agreed to exclude non-party Sozo Global, Inc. from the requested exclusions in Motion in Limine No. 1

Respectfully submitted,

s/ *Courtenay Y. Jalics*
Courtenay Y. Jalics (0077507)
Christine M. Snyder (0086788)
Ariana E. Bernard (0100001)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:      216.592.5000
Fax:     216.592.5009
E-mail:  courtenay.jalics@tuckerellis.com
            christine.snyder@tuckerellis.com
            ariana.bernard@tuckerellis.com

*Attorneys for Defendants Mark Adams and TOP Partners Management, LLC*

s/ *William H. Falin*
William H. Falin (0038839)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC
1375 East 9th Street, Suite 1700
Cleveland, OH 44114
Tel:     216.621.5300
Fax:    216.621.5440
E-mail: wfalin@bdblaw.com

*Attorneys for Defendant EnTox Solutions, LLC*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| METRON NUTRACEUTICALS, LLC, | ) | CASE NO. 1:20-cv-01803 |
| Plaintiff, | ) ) | JUDGE PHILIP CALABRESE |
| v. | ) ) | **MEMORANDUM IN SUPPORT OF** |
| CHRISTINA RAHM COOK, et al., | ) ) | **ADAMS DEFENDANTS' OMNIBUS** |
| Defendants. | ) ) | **MOTION IN LIMINE** |

Defendants Mark Adams, Top Partners Management, LLC, and EnTox Solutions, LLC (collectively for purposes of this motion, "Adams Defendants"), through counsel, submit this Memorandum in Support of their Omnibus Motion in Limine to preclude certain references, arguments, testimony, and evidence at trial. The Adams Defendants respectfully request that the Court grant each of their Motions in Limine for the reasons stated herein.

**I.    LEGAL STANDARD**

A motion in limine is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013) (internal quotation marks and citation omitted). The decision whether to grant a motion in limine is within this Court's broad discretion. *Id.* at 560.

**II.   MOTIONS IN LIMINE**

   **A.   Motion in Limine No. 1: To exclude any references, argument, testimony, or evidence regarding Defendant Mark Adams's other businesses or entities that are not parties to this action, with the exception of Sozo Global, Inc.**

Defendant Mark Adams is a well-established businessman and entrepreneur. However, only two businesses with which he is or was affiliated are parties in this case and have a misappropriation of trade secrets claim asserted against them: EnTox Solutions, LLC ("EnTox")

and Top Partners Management, LLC ("Top Partners"). During fact discovery in this case, Plaintiff Metron Nutraceuticals, LLC ("Plaintiff" or "Metron") attempted to discover Mr. Adams's non-party businesses or entities by requesting information regarding "all of your entities, including entities in which you are/were a Founder, Incorporator, CEO, COO, CFO, Officer, President, Vice President, Secretary, Media Secretary, Treasurer, Matriarch, Pastor, Governor, Governing Person, Registered Agent, Director, Manager, Partner, Member, Board Member, and/or Managing Member." (ECF No. 154-20, PageID 3939.) Plaintiff's counsel also attempted to obtain this information during Mr. Adams's deposition. (ECF No. 155-2, PageID 4136-4140). Counsel for Mr. Adams objected to the line of questioning consistent with the Court's instruction limiting discovery to the products and entities at issue. (ECF No. 155-2, PageID 4139-4140). However, the Adams Defendants anticipate that Plaintiff will attempt to question Mr. Adams regarding (or reference in some way) Mr. Adams's non-party businesses at trial, and therefore request that Metron be precluded from doing so.

Excluded from this request is Sozo Global, Inc., which is the company Mr. Adams founded in 2011. On behalf of Sozo, Mr. Adams entered into the Mutual Confidentiality Agreement with Metron's President and majority owner, Dr. Tsirikos-Karapanos's ("Dr. TK"). Plaintiff's breach of contract claim arises from that Agreement. The parties anticipate that Sozo will be referenced at trial as part of the background regarding how and when Sozo and Metron entered into the Agreement.

However, any mention of or reference to Defendant Adams's affiliation with any other non-party business or entity is irrelevant to Plaintiff's remaining claims. Whether Mr. Adams owns, has an interest in, and/or is affiliated with other businesses or entities does not assist the trier of fact in determining whether the Adams Defendants misappropriated Plaintiff's trade

secrets or breached the Adams MCA. Fed. R. Evid. 401, 402. In fact, Plaintiff's only reason for seeking testimony relating to Mr. Adams's other businesses would be to give the jury the perception of "deep pockets" capable of satisfying Metron's desired – yet, unproven – damages. Any such references or inquiries would be improper, significantly prejudicial, and misleading, and should therefore be precluded at trial. Fed. R. Evid. 403.

> **B.  Motion in Limine No. 2: To preclude at trial any undisclosed argument, testimony, and/or evidence from Plaintiff and/or Plaintiff's experts – including testimony from Dr. Tsirikos-Karapanos and any other previously undisclosed testimony – purporting to establish damages allegedly caused by the Adams Defendants, including but not limited to lost profits, unjust enrichment, and/or any other theory of recovery.**

Plaintiff did not produce any computation, documents in support, or expert opinion regarding any damages it allegedly suffered as a result of any action or inaction of the Adams Defendants relating to the remaining claims. Despite that fact, the Adams Defendants anticipate Plaintiff will seek to offer undisclosed argument, testimony, and/or evidence regarding alleged lost profits, unjust enrichment, and other theories of recovery available under the Ohio Uniform Trade Secrets Act ("OUTSA") and for alleged breach of the Mutual Confidentiality Agreement. Plaintiff should be precluded from doing so. Allowing Plaintiff to introduce and rely upon previously undisclosed damages evidence and/or testimony would be improper and would result in significant prejudice to the Adams Defendants.

> **1.  Relevant background.**

Even when provided several years to complete discovery, Plaintiff did not produce any computation of, documentation in support of, or expert opinion regarding any damages incurred by Plaintiff relating to its claims for misappropriation of trade secrets (Count I) or breach of the Mutual Confidentiality Agreements ("MCAs") (Count III) and attributable to the Adams

3

Defendants.[1] Nor has any party produced anything establishing that the Adams Defendants contributed to or received any income or profit from the two products at issue, Clean Slate or Vitality Detox Drops. Furthermore, Plaintiff seemingly abandoned its claim that the Adams Defendants had any involvement with a "Renew HC 2.0 oz" product that it referenced in its Notice of IP at Issue. (ECF 96, PageID 2832.) Plaintiff did not conduct any third-party discovery regarding this product and has not produced any evidence showing the Adams Defendants were involved in the manufacture, marketing, distribution, or sale of this product.

Despite its obligation to produce such information and documents with its Rule 26 Initial Disclosures, Plaintiff at the outset of this case merely stated:

> Metron seeks damages in an amount that will be established and developed through discovery and expert testimony, and is likely dependent upon information provided by other parties and in the possession of other parties including, but not limited to: profits gained from the Defendants' misappropriation of Metron's trade secrets; profits gained through the sale of Vitality Detox Drops, CleanSlate, or any other zeolite product containing or purporting to contain clinoptilolite fragments; Metron's lost or diminished business opportunities and sales as a result of Defendants' tortious and fraudulent conduct; consideration received in exchange for assigning intellectual property that infringed upon Metron's trade secrets; Metron's expectation damages under contracts with distributors; *and any other amount of damages permissible by Ohio law and established by the facts in this case.*

(ECF No. 200, PageID 7620) (emphasis added.). Plaintiff never supplemented its initial disclosures – or its written discovery responses and document productions – and discovery in this case has long since closed.

---

[1] Plaintiff's Count IV for piercing the corporate veil is also remaining, however it is not a claim. It is an equitable remedy wherein liability of a corporation or LLC for an underlying tort may be imposed upon a particular individual. *Dombroski v. WellPoint, Inc.,* 2008-Ohio-4827, ¶ 17; *RCO Internatl. Corp. v.Clevenger,* 2008-Ohio-6823, ¶ 11 (10th Dist.). The only claim remaining against the two Adams Defendants entities – EnTox and Top Partners – is Plaintiff's claim for misappropriation of trade secrets. Thus, Count IV is derivative of that claim and the arguments asserted in each of these Motions in Limine apply to that Count as well.

4

During discovery, Plaintiff's President and Co-Owner, Dr. TK produced an affidavit in which he attempted to support Metron's alleged lost profit and expectation damages using profits from anticipated – and even terminated – distributor agreements. Plaintiff later filed Dr. TK's affidavit without those distributor agreements, but still failed to produce any of the referenced "business records" to support its alleged damages, "including but not limited to expectation damages and lost profit analysis" "due to Mark Adams' [sic] actions." (ECF 165-2, PageID 7059-5062.)

During Dr. TK's deposition, Dr. TK was asked to produce financial documents to support Metron's damages and refused to do so, testified that Metron financial documents referenced in the Affidavit were "[i]in our hands" but had not been produced, and that Metron created Excel files for its CPA (for tax returns and Profit & Loss Statements) but those were also not produced. (ECF 156-1, PageID 5007-5015, 5217-5221.) Dr. TK also testified that he could not recall Metron's sales numbers or profits for certain years. (*Id.*) Notably, Dr. TK testified that he is not a damages expert, not a financial accountant, and not an economist. (ECF 156-1, PageID 5012, 5221.)

As to specific damages theories, Plaintiff has not produced any computation of or documentation supporting any alleged lost profits Metron purportedly suffered as a result of the Adams Defendants' alleged misappropriation or contractual breach. Plaintiff never produced any of its own business or financial records to show revenue, profits, and/or losses to support any claim for lost profits (ECF 156-1, PageID 5005-5014); Plaintiff did not introduce expert opinions and/or testimony to support Metron's alleged lost profits; and Plaintiff's only disclosed "damages experts" – Gregory Cowhey and Kent Grayson – have not offered any opinions regarding lost profits.

5

Nor have there been any documents produced that support unjust enrichment damages against the Adams Defendant. In fact, Mr. Cowhey, Plaintiff's forensic accounting and "damages" expert acknowledged there was no evidence of payments to or from the Adams Defendants in any of bank records he examined. Neither Mr. Cowhey nor Mr. Grayson testified as to any profits, revenue, royalties, or other income paid to the Adams Defendants and associated with Clean Slate or Vitality. Plaintiff has not produced any other evidence upon which it can rely at trial to support any recovery from the Adams Defendants for unjust enrichment.

> **2. Plaintiff's failure to produce any computation, documentation, or expert opinion to support any theory of damages attributable to the Adams Defendants precludes admission at trial of any previously undisclosed damages evidence and/or any damages testimony elicited from Plaintiff or Plaintiff's witnesses based on undisclosed evidence.**

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the opposing party with "a computation of each category of damages claimed" as well as "the documents or other evidentiary material ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Parties also have a continuous obligation to supplement any disclosure under Rule 26(a). *See Trapp v. Fed. Express Corp.*, 647 F.Supp.3d 567, 569 (N.D. Ohio), citing Fed. R. Civ. P. 26(e)(1); *see also Detrick v. 84 Lumber Co.,* No. 1:06CV2732, 2008 WL 11381821, *1 (N.D. Ohio). When "a party fails to provide information ... the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *See In re Nat'l Prescription Opiate Litig.,* 2020 WL 6450290, *8 (N.D. Ohio Nov. 3, 2020) ("[A]s a general rule, no party may rely at trial on documents or data they have not produced in discovery or which are otherwise unknown to opposing parties.") In addition, the Court's November 24, 2021

6

docket entry – following well-established Rule 26 case law – specifically "reminded all parties of its admonition that documents not produced in discovery may not be used at trial."

Plaintiff has not produced any computation of or any supporting documentation for alleged lost profits or for its claim that the Adams Defendants were unjustly enriched due to any involvement with Clean Slate and/or Vitality. Specifically, Plaintiff has not produced any financial documents, tax returns, profit and loss statements, or any other financial data or documents from which the Adams Defendants and their damages expert could evaluate the viability of damages theory. Nor has any party produced any evidence of profits, royalties, and/or any income received by the Adams Defendants relating to Clean Slate or Vitality. Likewise, none of Plaintiff's experts have proffered any opinions regarding lost profits, unjust enrichment, or any other theory of damages attributable to the Adams Defendants.

Any previously undisclosed damages evidence or testimony would be new and highly prejudicial to the Adams Defendants at trial. *See Bessemer*, 596 F.3d at 369-370 (Shiploader operators' failure to adequately provide a computation for their lost-profits claim, which computation was required as part of initial disclosure, was neither substantially justified nor harmless, and thus excluding evidence of lost-profits damages as a discovery sanction was warranted.); *see also Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, No. 1:13-CV-1195, 2016 WL 4468000 (N.D. Ohio) (excluding evidence of plaintiff's lost profit claims for repeated failure to fulfill its discovery obligations); *Guthrie v. Ball*, No. 1:11-CV-333-SKL, 2014 WL 11581410, * 13 (E.D. Tenn.) (excluding undisclosed expert opinion not contained in expert reports, *citing* Rule 26(a)(2)(B)(i) (an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them.")); *Pridemore-Turner v. University Health Systems, Inc.*, 2021 WL 5831483, *2 (E.D.Tenn.) (same). Exclusion of any

7

such evidence is therefore "mandatory," unless Plaintiff can show that its failure to produce that evidence was justified or harmless – which it cannot.[2] Fed. R. Civ. P. 37(c)(1); *see also Bessemer, & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir.).

Plaintiff's failure to produce anything that would allow the Adams Defendants to independently assess alleged damages against them precludes Plaintiff from introducing any new damages evidence or testimony at trial. Accordingly, any previously undisclosed evidence and/or testimony purporting to establish Metron's lost profits, unjust enrichment, or any damages attributable to the Adams Defendants, should be excluded at trial.

C. **Motion in Limine No. 3: To preclude Plaintiff's, Counsels', and Witnesses' use of the general term "Defendants" to refer to several or all Defendants as if they jointly and equally participated in any act or behavior, and therefore are jointly or equally liable for that act or behavior.**

Plaintiff's claim for misappropriation of its trade secrets is asserted against all remaining Defendants Christina Rham Cook, Clayton Thomas, Mark Adams, EnTox Solutions LLC, and Top Partners Management, LLC. Its breach of contract claim is asserted against individual Defendants Cook, Thomas, and Adams. Plaintiff must prove each of its claims against each defendant individually. However, the Adams Defendants anticipate that Plaintiff, counsel, and witnesses may overgeneralize Defendants or refer to them together as "Defendants" at trial to purposely imply that all Defendants acted together and/or misbehaved together. As a result, the Adams Defendants[3] request an order precluding use of the term "Defendants" collectively when statements, argument, examination, questions, or testimony relate only to a specific Defendant or related group of Defendants (i.e., the Adams Defendants).

---

[2] To the contrary, Plaintiff knowingly and intentionally withheld Metron's business records that could have supported recovery of lost profits. (ECF 156-1, PageID 5007-5015, 5217-5221.)

[3] The Adams Defendants are being grouped together solely for purposes of these joint Motions in Limine.

8

Collectively referring to all parties together as "Defendants," – regardless of the actor and his or her actions – would violate Evidence Rule 403 because it would create a substantial risk of unfair prejudice, confuse the issues, and mislead the jury, factors which substantially outweigh any potential convenience of collectively referring to "Defendants." Fed. R. Evid. 403. Specifically, collectively referring to "Defendants" throughout the trial would improperly attribute one party's actions to another, prevent the jury from properly allocating liability to individual Defendants (which they will be required to do when rendering a verdict), and waste the Court's time while counsel repeatedly correct these misunderstandings. For the sake of fairness and clarity, this Court should require that all parties, counsel, and witnesses use specific names to identify individual or related defendants, rather than the all-encompassing "Defendants."

### D. Motion in Limine No. 4: To exclude any references, argument, testimony, or evidence relating to unpled claims for patent infringement and conspiracy, as well as previously dismissed claims for tortious interference and fraudulent misrepresentation.

The Adams Defendants anticipate that Plaintiff will attempt to argue or offer testimony that the Adams Defendants "infringed" the Metron Patent and/or that the Adams Defendants "conspired" with Defendants Christina Cook and Clayton Thomas to infringe Metron's Patent, misappropriate Metron's confidential information, or breach the Adams MCA. Plaintiff's Amended Complaint is rife with assertions that the Adams Defendants "conspired against Metron," "conspired to interfere with the performance of Metron's EDA," and "conspired to misappropriate Metron's trade secrets." (ECF No. 3, PageID 106, 110, 114, 120, 121, 156.) Plaintiff also vaguely represented in the parties' October 3, 2024 Joint Report that Dr. Fernando Alberdi was "Metron's expert on the patent process" (ECF No. 191, PageID 7480), and Dr. Alberdi's Report includes a rather lengthy analysis on the "rights of an inventor," citing 35

9

U.S.C. § 271 ("Infringement of Patent"). However, Plaintiff's Amended Complaint is devoid of any claims for conspiracy or patent infringement. (*See* ECF No. 3.) Accordingly, any argument, testimony, or evidence that the Adams Defendants infringed Metron's Patent, conspired with other Defendants to misappropriate Metron's trade secrets, and/or Metron's use of the words "infringe[d]," infringement," "conspiracy", and "conspire[d]" (and any other variation) at trial would be irrelevant, confuse the issues, mislead the jury, and prejudice the Adams Defendants.

In addition, the Adams Defendants anticipate that Plaintiff may argue that Defendant Mark Adams interfered with Plaintiff's ability to enter into multiple distributor agreements since 2015, and/or that Mr. Adams intentionally and fraudulently misrepresented to Dr. TK Adams's own relationship(s) with Cook and Thomas in 2015. Plaintiff voluntarily dismissed its claims against the Adams Defendants for tortious interference and fraudulent misrepresentation in November 2022 (ECF No. 168, PageID 7178; ECF No. 171, PageID 7248-49.). Therefore, any such assertions are irrelevant, confusing, misleading, and unfairly prejudicial to the Adams Defendants.

### 1. Testimony, argument, and evidence relating to unpled and dismissed claims would be irrelevant and should be precluded.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if: it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. The sole claims that will be tried in this case are Plaintiff's claims for (1) misappropriation of trade secrets under the Ohio Uniform Trade Secrets Act and (2) breach of the Mutual Confidentiality Agreements ("MCAs"). There are no claims for patent infringement or conspiracy.

Any references to or evidence of unpled claims for patent infringement and conspiracy will not assist the trier of fact and are irrelevant to Plaintiff's claims for misappropriation of trade

secrets and breach of contract. Likewise, use of the words "infringe[d]," infringement," "conspiracy", "conspire[d]" and any other versions of the same, would serve only to confuse the nature of the remaining claims at issue. *See Baker v. Ohio,* 109 Fed. App'x 31, 33 (6th Cir. 2004) (affirming that evidence relating to claims not addressed in plaintiff's complaint was properly excluded as irrelevant); *see also Fink v. Ohio Health Corp.,* 139 Fed. App'x 667, 669-70 (6th Cir. 2005) (prohibiting plaintiff from establishing claim based on factual allegations not included in complaint); *Scotts Co. v. Central Garden & Pet Co*., 2002 WL 1578791, *1 (S.D.Ohio,2002) (granting motion in limine to exclude any reference to unpled fraud claim). The same is true with respect to any references to or evidence of Plaintiff's prior claims for tortious interference and fraudulent misrepresentation that were dismissed with prejudice. *See King v. Mason*, No. 2:18-CV-1060, 2023 WL 183957, *13 (S.D. Ohio Jan. 13, 2023) (excluding evidence relating to dismissed claims because they have "no relevance to this case.").

Accordingly, any such references, argument, testimony, or evidence of these unpled and previously dismissed claims, and use of the words "infringe" and "conspiracy" (or any version of the same) would be entirely irrelevant to whether there was any misappropriation of trade secrets or breach of the MCAs and should be excluded at trial.

> **2. Testimony, argument, and evidence relating to irrelevant, unpled and dismissed claims would confuse the issues, mislead the jury, and prejudice the Adams Defendants.**

Even if the Court finds that references to or evidence of unpled or previously dismissed claims have any probative value (which the Adams Defendants deny), any such references and/or evidence should be excluded because they would confuse the issues, mislead the jury, and prejudice the Adams Defendants. Fed. R. Evid. 403. ("The court may exclude relevant evidence

11

if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury.")

Plaintiff has not asserted claims for patent infringement or conspiracy, and Plaintiff's claims for tortious interference and fraudulent misrepresentation were voluntarily dismissed. Any references to these unpled and dismissed claims will undoubtedly confuse the issues. In addition, allowing Plaintiff to use words like "infringe" or "conspiracy" (or any variation of the same) will certainly mislead the jury. The jury will not receive instructions on unpled and dismissed claims (because they are irrelevant to the remaining claims), making it difficult for the jury to appreciate and consider the remaining claims separately from any unrelated, unpled claims. *See United States v. Robinson*, 272 Fed. App'x 421, 430-431 (6th Cir. 2007) (upholding exclusion of testimony regarding acts not directly related to the case because of the danger of misleading and confusing the jury).

In addition, any testimony regarding or statements suggesting alleged infringement, conspiracy, tortious interference, and fraudulent misrepresentation would significantly prejudice the Adams Defendants, and substantially increases the likelihood that the jury improperly concludes the Adams Defendants misappropriated Plaintiff's trade secrets, breached the applicable MCA, or committed other improper acts. *See McGonegle v. Select Comfort Retail Corp.*, S.D. Ohio No. 1:19-CV-442, 2022 WL 394381, *5 (granting motion in limine to exclude evidence regarding previously dismissed claim finding that it would be "more prejudicial than probative" and "might lead the jury to an inappropriate inference that [plaintiff] is dishonest or litigious."). Any suggestion that the Adams Defendants infringed Metron's Patent is particularly misleading because the USPTO has repeatedly concluded the Cook-EnTox Patent was properly

issued, even after Plaintiff's multiple unsuccessful *ex parte* reexamination requests. (ECF 154-15, PageID 3645-3646, 2/15/2022 Certificate of Patentability.)

For these reasons, any references, argument, testimony, or evidence of these unpled and previously dismissed claims, and use of the words "infringe" and "conspiracy" (or any version of the same) should be excluded at trial.

WHEREFORE, Defendants Mark Adams, TOP Partners Management, LLC, and EnTox Solutions, LLC ("the Adams Defendants"), respectfully request that this Court enter an Order granting each Motion in Limine No. One through Four.

Respectfully submitted,

s/ *Courtenay Y. Jalics*
Courtenay Y. Jalics (0077507)
Christine M. Snyder (0086788)
Ariana E. Bernard (0100001)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:    216.592.5000
Fax:    216.592.5009
E-mail:  courtenay.jalics@tuckerellis.com
         christine.snyder@tuckerellis.com
         ariana.bernard@tuckerellis.com

*Attorneys for Defendants Mark Adams and TOP Partners Management, LLC*

s/ *William H. Falin*
William H. Falin (0038839)
BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLC
1375 East 9th Street, Suite 1700
Cleveland, OH 44114
Tel:    216.621.5300
Fax:    216.621.5440
E-mail:  wfalin@bdblaw.com

*Attorney for Defendant EnTox Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, a copy of the foregoing **Defendants Mark Adams, Top Partners Management, LLC, and EnTox Solutions, LLC Omnibus Motions In Limine** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Courtenay Y. Jalics*
Courtenay Y. Jalics (0077507)

*Attorneys for Defendants Mark Adams and TOP Partners Management, LLC*

14